**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                          No. CV 12-0498 LH/CEG
                                                                                                   CR 95-0104 LH

EMILIANO BARRAJAS-DIAZ,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Notice of Void Judgment (CV Doc. 1; CR Doc. 427) (the "motion") filed on May 9, 2012. In the motion Defendant contends that, for a variety of reasons, his conviction is a nullity. He asks for immediate release from imprisonment.

The Court may not grant relief on Defendant's motion, because the terms of 28 U.S.C. § 2255 provide the exclusive avenue for attacking a federal criminal conviction and sentence. Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255. "[T]he fact that section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective." *Braun v. Gallegos*, 58 F. App'x 781, 783 (10th Cir. 2002); *and see Graham v. Wands*, 407 F. App'x 287, 288 (10th Cir. 2011) ("Neither our rejection of [a] claim previously nor the inability to bring a related claim renders the remedy afforded by § 2255 ineffective."). Defendant may prosecute his claims of void judgment only under the provisions of § 2255.

Under certain conditions, the Court could recharacterize Defendant's motion as a § 2255 motion. *See Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000). Here, however, because Defendant

has previously filed a § 2255 motion and the limitation period in § 2255 has expired, the Court will not recharacterize this motion. The Court is not required to recast a pleading as a § 2255 motion where relief "would, at least facially, 'be barred as untimely . . . or as second or successive [under 28 U.S.C. § 2255].' " *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (brackets in original); *and see United States v. Lowe*, 6 F. App'x 832, 836 (10th Cir. 2001) (finding no error in district court's decision not to recharacterize a pleading as a § 2255 motion).

Furthermore, as the Court of Appeals for the Tenth Circuit has stated, "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *and cf. Thornbrugh v. United States*, 424 F. App'x 756, 759 (10th Cir. 2011) (noting that district court "properly held that it 'lack[ed] jurisdiction to consider [a successive § 2255] motion.' " Under the rulings in *Nelson* and *Thornbrugh*, the Court will dismiss Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's Notice of Void Judgment (CV Doc. 1; CR Doc. 427) filed on May 9, 2012, is DISMISSED for lack of jurisdiction; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE